EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, Plaintiff

v.

RANDALL FORD, INC., Defendant

Doyle Martin, Intervenor.

No. 2:13–CV–02206.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Signed April 23, 2014.

Faye A. Williams, Joseph M. Crout, Equal Employment Opportunity Commission, Memphis, TN, Pamela Dixon, EEOC, Little Rock, AR, for Plaintiff.

Regina A. Young, William Stuart Jackson, Wright Lindsey Jennings LLP, Little Rock, AR, for Defendant.

Joe D. Byars, Jr., Byars, Hickey & Hall, PLLC, Fort Smith, AR, for Intervenor.

## OPINION AND ORDER

P.K. HOLMES, III, Chief Judge.

Randall Ford, Inc. ("Randall Ford") has filed a motion to compel discovery (Doc. 22) pursuant to Rule 37 of the Federal Rules of Civil Procedure. Randall Ford requested in discovery that Doyle Martin ("Martin") execute releases permitting Randall Ford to obtain Martin's medical and employment records. The Equal Employment Opportunity Commission ("the EEOC") objected to the discovery request stating that Martin's medical and employment records that it deemed relevant and discoverable would be produced.[1]

In the instant motion, Randall Ford argues that discovery of Martin's prior employment records over the past ten years fall within the scope of discovery because they are directly relevant to the issue of damages and might lead to the discovery of other admissible information. Randall Ford also argues that it should be able to obtain employment records directly from the employer(s) and not have to rely on the EEOC's representation that it has produced all employment information that it deems to be relevant and admissible. The EEOC argues that the only employment records that would be relevant and discoverable are any employment records following Martin's termination of employment with Randall Ford, which the EEOC asserts do not exist. The EEOC did, however, provide limited information in regard to Martin's prior employment in response to Randall Ford's interrogatories. The EEOC also argues that Martin's privacy interests in prior employment records are entitled to protection absent a compelling showing of relevance in this litigation. Randall Ford disputes that there is any basis in the law for imposing a heightened discoverability standard based on a party's privacy interests.[2]

■ "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The court believes that Randall Ford has met this low threshold of relevance by showing that the release it requests is reasonably calculated to lead to the discovery of information relevant to the issue of mitigation and the computation of damages. *Accord Walker v. Northwest Airlines Corp.*, 2002 WL 32539635, at *2 (D.Minn. Oct. 28, 2002) (in employment discrimination case, finding "both past and post-termination wage and employment records

---

1. It appears the parties have resolved the dispute regarding the medical release by Martin executing a signed medical release to Randall Ford. The only remaining issue for the court's consideration is Martin's execution of a release of prior employment records for the past ten years.

2. The parties also dispute whether Randall Ford adequately conferred with the EEOC in good faith prior to filing its motion. The Court finds that Randall Ford conferred with the EEOC sufficient to comply with the Local Rules.

are highly relevant to the issue of mitigation and to the computation of damages"). The information sought could also possibly go to the issue of Martin's credibility as a witness. The Court also agrees with Randall Ford that Martin's privacy interests do not bar discovery of his employment records. A protective order (Doc. 21) has been entered in this case that should shield any confidential information from disclosure.

 Apart from the issue of relevancy, the EEOC believes that Randall Ford should rely upon the EEOC's review of prior employment records and its determination as to what information is discoverable. The court rejects the EEOC's attempt at being the arbiter of the discovery dispute. "[T]here is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents from an opposing party before seeking them from a non-party." *Coffeyville Resources Refining & Marketing, LLC v. Liberty Surplus Ins. Corp.*, 2008 WL 4853620, at *2 (E.D.Ark. Nov. 6, 2008). In fact, "in many cases, it is important to obtain what should be the same documents from two different sources because tell-tale differences may appear between them." *Id.* The Court finds that Randall Ford is entitled to obtain the employment records from a non-party; however, the court does not have authority to compel Martin to execute a release of employment records.

 Randall Ford sought a release of employment records from the EEOC pursuant to a request for production under Rule 34 of the Federal Rules of Civil Procedure.[3] While the court believes that the employment records are relevant and discoverable, the court generally has no authority to compel a party to execute a release directing a non-party to produce documents. Rule 34(a) requires a party to produce records in "the responding party's possession, custody, or control." The employment records that Randall Ford seeks do not appear to be in the possession, custody, or control of either the EEOC or Martin. "The appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure." *EEOC v. Thorman & Wright Corp.*, 243 F.R.D. 426, 429 (D.Kan.2007). If the non-parties fail to produce the requested documents after having been appropriately served with a subpoena, Randall Ford may then seek an order compelling production.

IT IS THEREFORE ORDERED that Randall Ford's motion to compel discovery (Doc. 22) is DENIED.

---

3. Randall Ford propounded Request for Production No. 4 stating: "Please sign and return the attached releases for employment information, medical, and Social Security documentation." (Doc. 26–4).